UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00502-KJD-PAL |
| --- | --- |
| Plaintiff, | 2:16-cv-1266-KJD |
| v. | ORDER |
| DENNIS GRAVES, | |
| Defendant. | |

Presently before the Court is Defendant Dennis Graves' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#94). No response has been ordered by the Court.

**I. Background**

On December 9, 2009, Defendant Dennis Graves ("Movant" or "Defendant") was indicted in a one-count indictment (#7) charging bank robbery in violation of 18 U.S.C. § 2113(a). On October 20, 2010, at a jury trial, Movant was found guilty. (#56).

On January 19, 2011, Movant was sentenced to 210 months in custody—having received a Career Offender Enhancement having previously been convicted of at least two crimes of violence, two counts of bank robbery and Nevada robbery. Movant appealed the judgment on January 27, 2011. (#65). On December 22, 2011, the Ninth Circuit affirmed the judgment and sentence of the district court. (#76). On April 24, 2012, the United States Supreme Court denied Movant's petition for writ of certiorari. (#81).

On April 8, 2013, Movant filed his first motion to vacate under 28 U.S.C. § 2255 (#83). The Court denied (#85) the motion and denied Defendant a certificate of appealability (#91). The Ninth Circuit Court of Appeals then denied Defendant a certificate of appealability (#92) and

denied his appeal as moot. In the instant motion, filed on June 8, 2016, Movant contends that—pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"), which can be applied retroactively—he does not qualify as a career offender, and that his sentence violates due process of law.

**II. Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 345 (1974); see also Hill v. United States, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. United States v. Frady, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

**III. Discussion**

In his § 2255 motion, Movant argues that under Johnson he does not qualify for the United States Sentencing Guideline ("USSG") § 2K2.1 sentencing enhancement pursuant to his status as a career offender and that his sentence violates due process. The court disagrees.

In Johnson, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." Id. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." Johnson, 135 S. Ct. at 2555–56. Johnson is inapplicable here because Movant was not sentenced under the ACCA's residual clause.

Nonetheless, Movant argues that the court should apply Johnson's holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language and because other circuits have held § 4B1.2's residual clause to be unconstitutionally vague. The Court, again, disagrees.

In Beckles v. United States (decided after Movant filed his motion under Johnson), the United States Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S.Ct. 886, 895 (2017). In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Id. at 892. Because the USSG's residual clause is not subject to a vagueness challenge under the due process clause, Movant's argument fails. Even if the Court were to consider Movant's arguments, his bank robbery convictions qualify as crimes of violence. See United States v. Swanson, 744 Fed. Appx. 527 (9th Cir. 2018) (memorandum) (citing United States v. Watson, 881 F.3d 782, 785-86 (9th Cir. 2018)).

**IV. Certificate of Appealability**

The Court must decide whether to grant Movant a certificate of appealability. A certificate of appealability permits a § 2255 movant to pursue a direct appeal from a district court's final order denying the petition. It is only available where the petitioner has made a "substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2); United States v. Welch, 136 S. Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional deprivation when reasonable jurists could debate whether

- 3 -

the petition should have been resolved in a different manner. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This is not the case here. The Supreme Court has decided that the sentencing guidelines are not subject to vagueness challenges under the Due Process Clause. Further, bank robbery is a crime of violence. Therefore, the Court cannot issue a certificate of appealability on Defendant's claims.

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Dennis Graves' Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#94) is **DENIED**;

IT IS FURTHER ORDERED that Movant is **DENIED** a Certificate of Appealability.

DATED this 18th day of October 2019.

_____
Kent J. Dawson
United States District Judge